No. 13-80078

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR PARSONS, et al.,<br><br>                     Plaintiffs/Respondents,<br><br>vs.<br><br>CHARLES RYAN, et al.,<br><br>                     Defendants/Petitioners. | District Court<br>No. 2:12-cv-00601-NVW |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

---

**AMENDED/SUPPLEMENTAL PETITION FOR PERMISSION TO APPEAL FROM ORDER GRANTING CLASS CERTIFICATION**

---

Attorney General Thomas C. Horne
OFFICE OF THE ATTORNEY GENERAL
Michael E. Gottfried
1275 W. Washington Street
Phoenix, Arizona 85007-2926
(602) 542-4951

Daniel P. Struck
Nicholas D. Acedo
STRUCK, WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
(480) 420-1600

*Attorneys for Defendants/Petitioners Charles Ryan and Richard Pratt*

Defendants-Petitioners Charles Ryan and Richard Pratt submit this Amended/Supplemental Petition for Permission to Appeal ("Amended Petition") to preserve/perfect their appeal under Rule 23(f), Fed. R. Civ. P., and to include, as part of its scope, the district court's Order denying Petitioners' Motion for Reconsideration of the Order granting class certification. The district court granted Plaintiffs' Motion for Class Certification on March 6, 2013. On March 20, 2013, Petitioners simultaneously – and timely – filed a Motion for Reconsideration of that Order in the district court *and* a Petition for Permission to Appeal in this Court. *See* Rule 23(f), Fed. R. Civ. P. (14 days to file petition for permission to appeal); L. R. Civ. P. 7.2(g)(2) (14 days to file motion for reconsideration). Petitioners did this out of an abundance of caution because the Ninth Circuit has never addressed whether a party's time to file a Rule 23(f) petition is tolled by a timely filed motion for reconsideration.[1] If Petitioners had waited to file their original Petition until after a ruling on their

---

[1] All of the circuits that have addressed this issue have unanimously held that a timely motion for reconsideration does toll the time to file a Rule 23(f) petition. *See Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192 (3rd Cir. 2008); *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005); *Shin v. Cobb County Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 837 (7th Cir. 1999). Other circuits have recognized this consensus and application of tolling, but did not need to expressly address it because the motion before it was not timely filed. *See Fleischman v. Albany Med. Ctr.*, 639 F.3d 28, 31 n.6 (2nd Cir. 2011); *In re DC Water & Sewer Auth.*, 561 F.3d 494, 496 (D.C. Cir. 2009); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1191 (10th Cir. 2006).

1

Motion for Reconsideration, they risked dismissal of the appeal in the event this Court concluded that the time to file the Petition was not tolled by the Motion.

The district court denied Petitioners' Motion for Reconsideration on March 22, 2013. (Att. 1.) Petitioners do not intend for this Amended Petition to replace their original Petition, which challenged the district court's findings on commonality, typicality, Rule 23(b)(2), *and* "significant proof."[2] It is merely a supplement advising this Court of, and challenging, the district court's post-Petition ruling on Petitioners' Motion for Reconsideration, which reinforces the error in its "significant proof" finding,[3] so that Petitioners' Petition is taken from both the Order granting class certification and the Order denying reconsideration, and all of the district court's findings. *Cf.* Rule 4(a)(4)(B)(ii), Fed. R. App. P.

---

[2] Petitioners expressly incorporate the substance of their entire original Petition here to the extent that it is necessary to do so.

[3] The Motion for Reconsideration challenged just one aspect of the district court's ruling: its finding that there was "significant proof" that the alleged health care practices were "system wide." Petitioners pointed out in their Motion that the district court misconstrued the piece of evidence (the "Cure Letter") that apparently "tip[ped] the balance in favor of concluding that the problems identified in the provision of health care are not merely isolated instances but, rather, examples of systemic deficiencies." In denying the Motion, the district court seemingly broadened its prior ruling, and stated that its "significant proof" finding was supported not only by the Cure Letter, but also Plaintiffs' declarations and the declarations of their experts. As Petitioners pointed out in their original Petition, even this evidence (collectively) does not support a conclusion of system-wide practices. The declarations merely allege a collection of varying, isolated incidents.

To the extent that leave is needed to file this Amended Petition, or that leave is needed to exceed the 20-page limit for petitions for permission to appeal (the original Petition was 20 pages), Petitioners respectfully request leave to do both.

DATED this 1st day of April, 2013.

STRUCK WIENEKE & LOVE, P.L.C.

By /s/ Nicholas D. Acedo
Daniel P. Struck, AZ Bar #012377
Nicholas D. Acedo, AZ Bar #021644
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, AZ Bar #010623
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants/Petitioners
Charles Ryan and Richard Pratt*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed ONE copy of the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Daniel Joseph Pochoda
Kelly Joyce Flood
James Duff Lyall
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, AZ 85014-5077

*Attorneys for Plaintiffs, except ACDL*

Caroline N. Mitchell
David C. Kiernan
Sarah Rauh
Sophia Helena Calderón
**JONES DAY** – San Francisco, CA
555 California Street, 26th Floor
San Francisco, CA 94104-1500

*Attorneys for Plaintiffs, except ACDL*

David Cyrus Fathi
Amy Fettig
Ajmel Quereshi
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, DC 20005-2313

*Attorneys for Plaintiffs, except ACDL*

Jennifer K. Messina
Kamilla Mamedova
**JONES DAY** – New York, NY
222 East 41st Street, 2nd Floor
New York, NY 10017-6727

*Attorneys for Plaintiffs, except ACDL*

Donald Specter
Alison Hardy
Sara Norman
Corene T. Kendrick
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, CA 94710-1916

*Attorneys for Plaintiffs, except ACDL*

Daniel Clayton Barr,
Amelia Morrow Gerlicher
Kirstin T. Eidenbach
John Howard Gray
Matthew Benjamin du Mée
**PERKINS COIE LLP**
2901 N. Central Ave., Ste. 2000
Phoenix, AZ 85012-2740

*Attorneys for Plaintiffs, except ACDL*

Jennifer Ann Alewelt
Asim Varma
Sarah Eve Kader
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, #202
Phoenix, AZ 85034-7439

*Attorneys for Plaintiff ACDL*

R. Scott Medsker
**JONES DAY** – Washington, DC
51 Louisiana Avenue NW
Washington, DC 20001-2105

*Attorneys for Plaintiffs, except ACDL*

John Lauren Wilkes
**JONES DAY** – Houston, TX
717 Texas Street, Suite 3300
Houston, TX 77002-2745

*Attorneys for Plaintiffs, except ACDL*

/s/ Nicholas D. Acedo
Nicholas D. Acedo

2742987.1

5

**ATTACHMENT 1**

**ATTACHMENT 1**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Charles L. Ryan, et al., <br><br> Defendants. | No. CV-12-00601-PHX-NVW <br><br> **ORDER** |

Before the Court is Defendants' Motion for Reconsideration (Doc. 394). For the following reasons, the motion is denied.

Defendants contend that the Court erred when it stated that information contained in ADC's September 21, 2012 Cure Notification "tip[ped] the balance in favor of concluding that the problems identified in the provision of health care are not merely isolated instances but, rather, examples of systemic deficiencies that expose all inmates to a substantial risk of serious harm." Defendants take the quoted sentence out of context and ignore that on page 7 of the Court's Order, the Court explained that the Cure Notification itself relied on much of the same evidence Plaintiffs submitted in support of their motion for class certification, which vitiated the need to repeat it. The abundant evidence underlying the Cure Notification, Plaintiff's declarations, and the experts' declarations soundly support the conclusion that commonality exists among the Class and Subclass members. Further, this determination was not conditioned on an explicit finding that all twenty failures existed at all ten complexes and remains the same in view of

Defendants' clarification that the failures existed at several complexes. In short, the Court found that the evidence in its totality constituted "significant proof" that ADC inmates face a substantial risk of serious harm stemming from inadequate health care and finds no basis to reconsider that ruling.

Defendants' second contention is that the Court's reliance on the Cure Notification could not support its certification of practices not identified in that document. But the Court's decision to allow challenges to specific practices stemmed from the Court's determination that the common question of whether Defendants are deliberately indifferent is much too broad and not from the Cure Notification. Moreover, the fact that other evidence supported the existence of practices not identified in the Cure Notification only underscores the point that the Court relied on much more than a single document in its Order.

In short, nothing in Defendants' motion changes the fundamental reality that class certification in this case provides Plaintiffs with an opportunity to "establish entitlement to injunctive relief with respect to the class as a whole in a single unitary trial." 2 H. Newberg & A. Conte, Newberg on Class Actions § 4.34, p. 125 (5th ed. 2012). Because "the class members' interests are so inherently intertwined that final injunctive relief for some would necessarily be final injunctive relief for all," *id.* at § 4.33, class certification is appropriate and there is no basis for reconsideration.

**IT IS THEREFORE ORDERED**:

(1) Defendants' Motion for Reconsideration (Doc. 394) is **denied**.

Dated this 22nd day of March, 2013.

_____
Neil V. Wake
United States District Judge